IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TONY ANTHONY FAIR, JR., | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:21-CV-00385-MTT-MSH |
| HEAD NURSE WHITE, *et al.*, | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Plaintiff Tony Anthony Fair, Jr., an inmate incarcerated in the Dooly County Justice Center in Pinehurst, Georgia, filed a complaint seeking relief under 42 U.S.C. § 1983 and moved for leave to proceed *in forma pauperis*. Compl., ECF No. 1; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff's submissions demonstrated that, although he was unable to pre-pay the entire filing fee, he should be able to pre-pay at least a portion of that fee. In particular, Plaintiff's transactions statement showed that he had average monthly deposits in the amount of $159.60 and that there were regular deposits to his inmate account. Attach. to Mot. to Proceed *In Forma Pauperis* 3-15, ECF No. 2-1. The Court, therefore, granted Plaintiff's motion to proceed *in forma pauperis* but ordered that he pay an initial partial filing fee in the amount of $31.92. Order, ECF No. 4.

Instead of paying the initial partial filing fee, Plaintiff has filed a letter asserting that he has requested a temporary restraining order, which has not yet been addressed.[1] Letter

---

[1] Plaintiff's request for a temporary restraining order will be addressed once the filing fee issue is resolved as set forth herein.

Regarding Requesting T.R.O., ECF No. 5.  In the letter, Plaintiff asserts that he is "not able to pay the filing fee or be denied [leave] to proceed [*in forma pauperis*]" because he has mental health issues.  *Id.* at 1.  Moreover, Plaintiff has attached to this letter a new account certification form and an updated transactions statement, which the Court now construes as a renewed motion for leave to proceed *in forma pauperis*.  Attach. to Letter, ECF No. 5-1.  Nowhere in the letter or attachment does Plaintiff identify any change in circumstances that prevents him from paying an initial partial filing fee.  Moreover, the transactions statement shows a deposit to Plaintiff's account on November 24, 2022, which was only two weeks before the transaction statement was printed.  *See* Attach. to Letter 3, ECF No. 5-1.

The last transaction shown on Plaintiff's original statement was October 21, 2021.  Attach. to Mot. to Proceed *In Forma Pauperis* 3, ECF No. 2-1.  The last transaction shown on the updated statement is December 2, 2021.  Attach. to Letter 3, ECF No. 5-1.  According to 28 U.S.C. § 1915(b)(1)(B), the relevant time period for determining the amount of an initial partial filing fee is "the 6-month period immediately preceding the filing of the complaint."  Based on the mailbox rule, Plaintiff filed his complaint on the date he signed it, October 28, 2021.  Compl. 6, ECF No. 1.  Thus, the relevant time period is April 28, 2021, to October 28, 2021.

According to the transactions statements Plaintiff has submitted, Plaintiff had deposits of $930.00 during this time.  Attach. to Mot. for Leave to Proceed *In Forma Pauperis* 3-17, ECF No. 2-1; Attach. to Letter 3-6, ECF No. 5-1.  Thus, he had average monthly deposits of $155.00.  *Id*.  Twenty percent of $155.00 is $31.00.  Thus, the Court

**VACATES** the December 7, 2021 Order (ECF No. 4) to the extent that it required Plaintiff to pay $31.92 and **GRANTS** his new motion to proceed *in forma pauperis* (ECF No. 5). Plaintiff will be allowed to pay $31.00 as his initial filing fee.

This, however, is the last opportunity that Plaintiff will have to pay the required initial partial filing fee. Plaintiff's deposits indicate that Plaintiff is capable of making this payment, and this action will be dismissed if he fails to do so. *See Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (affirming district court's dismissal of Plaintiff's action for failure to pay an initial partial filing fee when trust fund statement showed Plaintiff received money regularly from family members and spent the money on "discretionary" items as opposed to paying the initial partial filing fee).

The Court notes that in addition to this action, Plaintiff currently has three more civil cases pending in this Court. *See Fair v. Ladd*, 5:21-cv-414-TES-CHW (M.D. Ga. Nov. 24, 2021); *Fair v. Howard*, 5:21-cv-330-MTT-CHW (M.D. Ga. Sept. 9, 2021); *Fair v. White*, 5:21-cv-243-TES-CHW (M.D. Ga. July 20, 2021). A review of the dockets reveals that Plaintiff has failed to pay the initial partial filing fee as ordered in each of these cases. Plaintiff should be aware that he is responsible for the payment of an initial partial filing fee in each case that he files.

Plaintiff should also be aware that there is substantial overlap in the factual allegations of several of these complaints. As the Court explained to Plaintiff in a December 1, 2021 Order in one of these other cases, Plaintiff must not raise the same claims in two or more actions. *See* Order, *Fair v. Howard*, 5:21-cv-330-MTT-CHW (M.D. Ga. Sept. 9, 2021), ECF No. 8. It appears, however, that Plaintiff is raising claims regarding

his (1) lack of asthma and pain medications, (2) Covid-19 infection, (3) injured hand, and (4) chest pains in at least three of his cases.  *See* Compl., ECF No. 1; *see also Fair v. Howard*, 5:21-cv-330-MTT-CHW (M.D. Ga. Sept. 9, 2021); *Fair v. White*, 5:21-cv-243-TES-CHW (M.D. Ga. July 20, 2021).  In order to avoid payment of an initial partial filing fee in multiple cases, Plaintiff may want to voluntarily dismiss his duplicative actions.  If he fails to do so, the Court will dismiss the actions as duplicative **AFTER** it receives his initial partial filing fee, and he will remain responsible for the full filing fee ($350.00) in each action.

## CONCLUSION

Thus, as discussed above, the Court **VACATES** the December 7, 2021 Order (ECF No. 4) only to the extent that it required Plaintiff to pay $31.92 and **GRANTS** his recently filed motion to proceed *in forma pauperis* (ECF No. 5).  Plaintiff will be allowed to proceed *in forma pauperis*, but he must pay an initial partial filing fee in the amount of $31.00.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to pay the initial partial filing fee.  Plaintiff's failure to fully and timely comply with this order will result in the dismissal of this action.

**SO ORDERED**, this 10th day of February, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE